## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DATA SPEED TECHNOLOGY LLC,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)　　　C.A. No.  13-1447-SLR
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　　**JURY TRIAL DEMANDED**
　　　　　　　　　　　　　　　　　　)
DASSAULT SYSTÈMES SOLIDWORKS　)
CORP.,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

### DASSAULT SYSTEMS SOLIDWORKS CORP.'S
### ANSWER, DEFENSES AND COUNTERCLAIMS

Defendant Dassault Systèmes SolidWorks Corporation ("SolidWorks") answers Plaintiff

Data Speed Technology LLC's ("Data Speed") Complaint for Patent Infringement as follows:

### GENERAL DENIAL

SolidWorks denies each and every allegation, matter, or thing contained in the Complaint

that is not expressly admitted, qualified or answered herein.

### ANSWER

### BACKGROUND

1.　　　SolidWorks lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies

them.

### PARTIES

2.　　　SolidWorks lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 2 of the Complaint, and therefore denies

them.

3.      SolidWorks admits that it is incorporated under the laws of Delaware, that its principal place of business is at 175 Wyman Street, Waltham, Massachusetts 02451, and that it may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4.      SolidWorks admits that Paragraph 4 of the Complaint purports to bring an action for patent infringement under the patent laws of the Unites States, namely 35 U.S.C. § 271 and that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      SolidWorks admits that it is incorporated under the laws of the state of Delaware, and that its products are offered for sale and sold nationwide, including in the State of Delaware. SolidWorks therefore admits that it is subject to the Court's specific personal jurisdiction in this action.  SolidWorks denies any and all remaining allegations and/or legal conclusions contained in Paragraph 5 of the Complaint.

6.      SolidWorks admits that venue is proper in this district under 28 U.S.C. §§ 1391, 1400, but avers that, for the convenience of the parties and in the interest of justice, the District of Massachusetts is the proper forum for this action.  SolidWorks denies any and all remaining allegations and/or legal conclusions contained in Paragraph 6 of the Complaint.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,867,686

7.      SolidWorks admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 5,867,686, ("the '686 patent") titled "High Speed Real-Time Information Storage System."  SolidWorks lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8.      Denied.

9.      Denied

10.     Denied

11.     Denied

12.     Denied

## PRAYER FOR RELIEF

SolidWorks denies that Data Speed is entitled to the relief requested in the Complaint and/or the Prayer for Relief in the Complaint. To the extent that any statement in the Prayer for Relief is deemed factual, it is denied.

## DEMAND FOR JURY TRIAL

SolidWorks admits that Data Speed has demanded a jury trial.  To the extent that any statement in the jury demand contains allegations and/or averments directed to SolidWorks, they are denied.

## SOLIDWORKS' DEFENSES

Further answering the Complaint, SolidWorks makes the following allegations and asserts the following Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.  SolidWorks reserves the right to assert additional defenses as further information is obtained.

### FIRST DEFENSE
### [Non-Infringement]

13.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 12 of this Answer, Defenses and Counterclaims.  Data Speed has not provided infringement contentions or otherwise identified what '686 patent claims it is asserting in this case and/or its theory of infringement of any such claims.  Nevertheless, based on

information known to date, SolidWorks does not practice and has not practiced each and every element of any claim in the '686 patent and therefore has not and does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable claim of the '686 patent.

## SECOND DEFENSE
## [Invalidity]

14.    SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 13 of this Answer, Defenses and Counterclaims.  Data Speed has not provided infringement contentions or otherwise identified what '686 patent claims it is asserting in this case and/or its theory of infringement of any such claims.  Nevertheless, based on information known to date, the claims of the '686 patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and obvious in view of the prior art, is unsupported by the written description of the patented invention, has claims directed at unpatentable subject matter, and/or has no claim that can validly be construed to cover any SolidWorks product.

## THIRD DEFENSE
## [License]

15.    SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 14 of this Answer, Defenses and Counterclaims.  Data Speed's claims against SolidWorks are barred, in whole or in part, because SolidWorks has a license to the Patent-in-Suit.

## FOURTH DEFENSE
## [Implied License]

16.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 15 through of this Answer, Defenses and Counterclaims.  Data Speed's claims against SolidWorks are barred, in whole or in part, because SolidWorks has an implied license to the Patent-in-Suit.

**FIFTH DEFENSE**
**[Laches]**

17.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 16 of this Answer, Defenses and Counterclaims.  Data Speed's claims against SolidWorks are therefore barred, in whole or in part, by the doctrine of laches.

**SIXTH DEFENSE**
**[Estoppel]**

18.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 17 of this Answer, Defenses and Counterclaims.  Data Speed's claims against SolidWorks are barred, in whole or in part, by equitable estoppel.

**SEVENTH DEFENSE**
**[Waiver]**

19.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 18 of this Answer, Defenses and Counterclaims.  Data Speed's conduct, inaction, and/or misrepresentations together constitute intentional relinquishment of its known right to enforce the '686 patent against SolidWorks, and Data Speed's conduct, inaction, and misrepresentations are otherwise inconsistent with claiming that right.

**EIGHTH DEFENSE**
**[Limitation of Damages and Recovery]**

20.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 19 of this Answer, Defenses and Counterclaims.   Pursuant to the requirements of 35 U.S.C. §§ 286-288, Plaintiff's ability to recover damages and/or costs is limited.

### NINTH DEFENSE
### [Failure to State a Claim]

21.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 20 of this Answer, Defenses and Counterclaims.  The Complaint fails to state a cause of action against SolidWorks upon which relief can be granted.

### TENTH DEFENSE
### [More Convenient Venue]

22.     SolidWorks avers that this lawsuit is subject to a transfer to the District of Massachusetts pursuant to 28 U.S.C. §1404(a).

### ELEVENTH DEFENSE
### [Unclean Hands]

23.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 22 of this Answer, Defenses and Counterclaims.  Data Speed's claims against SolidWorks are therefore barred, in whole or in part, because Data Speed has come to this Court with unclean hands.

## SOLIDWORKS' COUNTERCLAIMS

SolidWorks states its Counterclaims against Plaintiff as follows:

## PARTIES, JURISDICTION AND VENUE

24.    The following counterclaims for declaratory relief arise under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly Title 28 U.S.C. §§ 2201, 2202 and Title 35 U.S.C. §§ 41 et seq., respectively.  This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, Title 28 U.S.C. §§ 1331, 1338, 1400, 2201 and 2202.

25.    In the Complaint, Data Speed Technology LLC ("Data Speed") asserts that it is a Delaware limited liability company.

26.    Dassault Systèmes SolidWorks Corporation ('SolidWorks") is a corporation organized under the laws of Delaware with its principal place of business at 175 Wyman Street, Waltham, MA 02451.

27.    This Court has personal jurisdiction over Data Speed by virtue of the Complaint Data Speed filed in this Court, and Data Speed's presence in this Court's district.

28.    An actual controversy exists between Data Speed and SolidWorks regarding the alleged infringement, unenforceability and invalidity of the '686 patent, by virtue of Data Speed's Complaint and SolidWorks' Answer.

29.    To the extent that this action remains in this District, venue is appropriate because Data Speed has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted.  SolidWorks consents to transfer its counterclaims to the District of Massachusetts, if the Court determines that transferring Data Speed's claims to that district is appropriate.

**FIRST COUNTERCLAIM**
**[Declaratory Judgment of Non-Infringement of the '686 Patent]**

30.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 29 of this Answer, Affirmative Defenses and Counterclaims.

31.     By filing its Complaint, Data Speed has purported to assert claims against SolidWorks for the alleged infringement of the '686 patent.

32.     SolidWorks denies Data Speed's allegations of infringement.

33.     No product SolidWorks makes, markets, distributes, sells or offers to sell, infringes the '686 patent.

34.     SolidWorks has neither contributed to nor induced another party's infringement of the '686 patent.

35.     Accordingly, an actual and justiciable controversy exists between Data Speed and SolidWorks as to infringement of the claims of the '686 patent.

36.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, SolidWorks is entitled to judgment from this Court finding that the '686 patent is not infringed by any SolidWorks product, service, or process.

**SECOND COUNTERCLAIM**
**[Declaratory Judgment of Invalidity of the '686 Patent]**

37.     SolidWorks incorporates by reference the responses and allegations set forth in paragraphs 1 through 36 of this Amended Answer and Counterclaims.

38.     Data Speed claims the '686 patent is valid.

39.     SolidWorks denies that Data Speed is asserting a valid patent.  The claims of the '686 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the

United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112 and as alleged in SolidWorks' defenses, *supra*.

40.    Accordingly, an actual and justiciable controversy exists between Data Speed and SolidWorks as to the validity of the claims of the '686 patent.

41.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, SolidWorks is entitled to judgment from this Court finding that the '686 Patent is invalid.

## JURY DEMAND

42.    SolidWorks hereby respectfully requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, SolidWorks prays for relief as follows:

A.    For a Declaratory Judgment that the '686 patent, and each and every asserted claim thereof, is invalid, unenforceable, and not infringed;

B.    That Data Speed Complaint be dismissed with prejudice, with Data Speed  taking nothing;

C.    That pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 11, and/or other applicable authority, Data Speed be ordered to pay all of SolidWorks' reasonable attorneys' fees incurred in defending against Data Speed claims; and

D.    That SolidWorks be awarded such other relief as the Court deems appropriate.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Claude M. Stern
Evette D. Pennypacker
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel:  (650) 801-5000


Dated:   November 6, 2013
1129070 / 40902

By:   _/s/ Richard L. Horwitz_____
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Nicholas J. Brannick (#5721)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     nbrannick@potteranderson.com

*Attorneys for Defendant Dassault Systèmes
SolidWorks Corp.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on November 6, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on November 6, 2013, the attached document was electronically mailed to the following person(s)

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Bayard, P.A.
222 Delaware Ave., Suite 900
P. O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Alex C.D. Giza
Marc A. Fenster
Dorian S. Berger
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
agiza@raklaw.com
mfenster@raklaw.com
dberger@raklaw.com

By:  /s/ Richard L. Horwitz
        Richard L. Horwitz
        David E. Moore
        Nicholas J. Brannick
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, Delaware 19801
        (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com
        nbrannick@potteranderson.com

1124518 / 40902